Where a ship is abandoned to the insurer who accepts the abandonment, and the voyage is afterwards performed, and freight earned, the insurer is entitled to the freight earned after the abandonment, or pro rata.
This cause came before the court, on a writ of error from the supreme court. See 1 Johns. Cases, p. 377, 390, where the facts and opinions delivered by the judges of the supreme court are stated.
contended, that the judgment of the supreme court ought to be reversed :
1. Because freight being nothing more than the earnings of the ship, is to be regarded solely as an incident which is attached to the ship, as the principal. When, therefore, an abandonment of the ship is made and accepted, the freight, of course, passes with the ship to the underwriter; in like manner as the grant of a tree vests the fruit of it in the gran *443 tee. If a different principle were to prevail, the underwriter, by an abandonment, would acquire a qualified, instead of an absolute right to the property abandoned.
*3. Because, although the law permits freight to be insured, yet the underwriter thereon, in case of abandonment, cannot be entitled to more than the owner of the ship, who had made no insurance on freight, would have a right to receive; and if, in such case, the owner of the ship, upon principle, would have no right to freight, it must necessarily follow, that the claim for freight, on the part of the underwriter, cannot be supported.
contended, that the judgment of the supreme court was erroneous, because the plaintiffs were entitled to no part of the freight earned during the voyage insured, and therefore, the judgment should have been rendered for the defendant generally.
1. Yessels, goods and freight are distinct interests, and the most frequent objects of marine insurance. In case of abandonment, the respective underwriters acquire an interest in each, according to the subject matter of the different policies. *444 The portion of property oftentimes saved, in case of total loss, technically so called, is a great encouragement to insurance; but an insurer on freight would never, in cases of disaster, if the plaintiffs be right, have any thing to receive. This would turn a policy of freight into a very unequal, if not gambling contract on the part of the insurer. He must ever forego all benefit of salvage; but if this were so, premia on freight would always be higher than on ships *or goods. This is not pretended to be the case. The rates on these different articles, in general, do not vary.
3. In case of capture and an abandonment, the expenses of reclaiming the property are apportioned among the underwriters on the ship, the goods and the freight. But why *445 make the underwriter on the latter pay any thing, if, the moment the vessel arrives, in case of release, the assurer on the ship is to pocket all her hire? He pays his portion of this expense, because the freight earned, and to be earned, on that voyage, is regarded, after abandonment, as his property, just as much as the goods belong to those who have insured them.
*4th. True it is, every policy is a contract of indemnity ; at least, such was its original design : but it may and frequently is converted into an instrument of gain ; we are willing here to regard it only as a mean of indemnity. This principle, properly understood, will entitle the defendant to a judgment. Freight is not an imaginary profit. It is a compensation received or expected for the use of the property. Thus a merchant, whose ship may have cost a large sum, lets her out for a voyage of two or three years, at a rate, which, after paying the expenses, will not, perhaps, yield more than lawful interest for the capital expended in building her. The ship is insured at her just value ; the freight is uncovered. After being absent near the whole time, he hears of a detention or some other accident, which induces him to abandon. In a day or two the vessel arrives, and the whole freight becomes payable. How is the merchant indemnified for being so long oat of his money, and for the heavy expenses of the voyage, unless he receives the freight ? or under what pretence can the underwiter on the ship demand it ? He has expended no capital; incurred ¿no expense; nor been at any risk as to the freight. The subject he insured he receives, and ought to be satisfied with it. If the vessel had arrived in ballast, or by any means no freight had been made, he would hardly have reimbursed the owner, the large sums he had expended, in hope of a reasonable gain.
Upon the whole, we insist, that an underwriter on the ship has no claim to any of the freight earned during the ;particular voyage insured ; that on the termination of such voyage, the vessel alone, in case of abandonment, becomes his property; that an insurer on freight, or the owner, where no such insurance is made, is entitled to the whole of the freight which is earned during such voyage ; that this necessarily results from the relative *situation. and the rights of the parties, and that a contrary *449 doctrine will put an end to all insurance on freight. We therefore hope the judgment complained of will be reversed, and one rendered in favor of the defendant.
(a) See supra, vol. 1, p. 377, n. (b.)
(b) [Old note.] See Davy v. Hallett, 3 Caines, 16-22, and 251. Mumford v. Hallett, 1 Johns. Rep. 433. Livingston v. Columbian Ins. Co. 3 Johns. Rep. 49. And see Thompson v. Rowcroft, 4 East’s Rep. 34. Latham v. Terry, 3 Bos. & Pull. 479. M’Carthy v. Abel, 5 East’s Rep. 388. Sharp v. Gladstone, 7 East, 24. Ker v. Osborne, 9 East, 378. Park on Ins. 227-236, 6th ed. Marshall, 2d ed. 604-608. The question in the English courts, as to whom the freight, earned subsequent to an abandonment of the ship, belongs, in ease of a separate insurance on freight, appears, from the above authorities, to remain still undecided. In this state, though the supreme court, in the ease of Livingston v. The United Ins. Co. (3 Johns. Rep. 49,) definitively settled, that the insured might abandon the ship to one insurer and the freight to another, on separate policies, and recover the amount from each, in case of a total loss ; yet they declined deciding the question between the two sets of insurers, to which of them the freight subsequently earned belonged. But Livingston, J. in 1 Caines, 578, and 3 Caines, 251, in giving his opinion, seemed to suppose it settled by the case of The United Ins. Co. v. Lenox, that the underwriters on the ship, were entitled to the freight earned after the abandonment, during the voyage insured.